## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

TRAVIS MORROW,
an individual,

       Plaintiff,

v.

       Case No.:

FIGURE LENDING LLC.,
a foreign limited liability company, and
EQUIFAX INFORMATION
SERVICES LLC,
a foreign limited liability company,

       Defendants.

_____/

### PLAINTIFF'S NOTICE OF LEAD COUNSEL DESIGNATION

Plaintiff, Travis Morrow, by and through the undersigned counsel, pursuant to

Middle District of Florida Local Rule 2.02(a), hereby designates Jon P. Dubbeld, Esq.

as Lead Counsel for Plaintiff.

### COMPLAINT

**COMES NOW**, Plaintiff, TRAVIS MORROW (hereinafter, "Plaintiff"), by

and through the undersigned counsel, and hereby sues Defendants, FIGURE

LENDING LLC (hereinafter, "Figure"), and EQUIFAX INFORMATION

SERVICES LLC (hereinafter, "Equifax"), (hereinafter collectively, "Defendants"). In

support thereof, Plaintiff states:

### PRELIMINARY STATEMENT

1.    This is an action brought by an individual consumer for damages for

Figure's violation of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the "FCRA") wherein Figure improperly credit-reported and subsequently verified objectively-inaccurate information related to a personal loan (hereinafter, the "Account") on Plaintiff's consumer credit reports and in Plaintiff's consumer credit files as maintained by Equifax.  More specifically, despite Plaintiff being discharged of the debt through his chapter 7 bankruptcy (i.e. the Account), Defendants subsequently reported the Account with a balance due and past due and included delinquent payment history resulting in the Account being reported as a negative, adverse, and/or derogatory tradeline Account on Plaintiff's Equifax report and damaging Plaintiff's credit scores and credit reputation.

2. Additionally, this is an action for damages for Equifax's violations of the FCRA wherein Equifax continued to incorrectly report the Account with negative information after Plaintiff repeatedly disputed to Equifax and advised Equifax that such reporting was false and inaccurate.

## JURISDICTION, VENUE & PARTIES

3. Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681, *et seq*.

4. Defendants are subject to the jurisdiction of this Court, as Defendants each regularly transact business in this District.

5. Venue is proper in this District as Defendants each regularly conduct business in this District, and the acts and transactions described herein occur in this District.

2

6.  At all material times herein, Plaintiff is a natural person residing in Volusia County, Florida.

7.  At all material times herein, Figure is a foreign limited liability company with its principal place of business located in Charlotte, North Carolina.

8.  At all material times herein, Equifax is a foreign limited liability company existing under the laws of the state of Georgia, with its principal place of business located at 1550 W Peachtree Street, Atlanta, Georgia 30309.

## FCRA STATUTORY STRUCTURE

9.  Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  *See* 15 United States Code, Section 1681b.

10.  Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).

11.  Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge— and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency

receives notice of the consumer's dispute. *Id.* at § i(a).

12.    Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer. *Id.* at § i(a)(4).

13.    Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. *Id.* at § i(a)(5).

14.    Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. *Id.* at § s-2(b).

15.    Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to

4

that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

16. Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

## GENERAL ALLEGATIONS

17. At all material times herein, Plaintiff is a "consumer" as defined by the FCRA, Section 1681a(c) because she is an individual and allegedly obligated to pay a debt.

18. At all material times herein, Figure, itself and through its subsidiaries, regularly services consumer credit and credit-reports information associated with the same in Volusia County, Florida.

19. At all material times herein, Figure is a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

20. At all material times herein, Figure reports information concerning an account to Equifax, including but not limited to, a tradeline account related to an alleged Figure Account, referenced by account number ending -1728 (hereinafter, the

"Account").

21.     Figure furnishes, reports, and publishes specific details of consumers alleged outstanding or delinquent debt accounts to compel or coerce the consumer to either satisfy an alleged balance owed, or suffer the consequences of delinquent accounts, such as higher interest rates on consumer loans or complete denial of credit, employment, housing, or insurance.

22.     At all material times herein, Equifax is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and each regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports.

23.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

24.     At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

25.     All necessary conditions precedent to the filing of this action occurred, or Defendants waived or excused the same.

## FACTUAL ALLEGATIONS

26.     In August 2021, Plaintiff obtained a personal loan with Figure.

27.     On May 24, 2024, Plaintiff filed for chapter 7 bankruptcy ("Bankruptcy") in the Middle District of Florida, Tampa Division.

28.    With his Bankruptcy Petition, Plaintiff included the Figure Account at issue.

29.    On September 5, 2024, the Court entered an Order of Discharge ("Discharge").

30.    In other words, as of September 5, 2024, Plaintiff did not owe any monies to Figure.

31.    Despite this, Figure has continued to report a balance to Equifax since the Discharge was entered.

32.    Specifically, on or about May 23, 2026, Figure furnished the Account on to Plaintiff's Equifax report with a $44,980 balance.

33.    On or about June 17, 2026, Plaintiff disputed the Figure account with Equifax (Plaintiff's First Dispute").

34.    Equifax received Plaintiff's First Dispute and conveyed the same to Figure.

35.    Equifax and Figure verified that Plaintiff still owed the debt.

36.    On or about July 2, 2026, Figure sent Plaintiff a letter in which they claimed the reporting was accurate and that Plaintiff still owed a balance.

37.    Plaintiff sent a second dispute to Equifax and Figure and in response, the reporting was fixed.

## DAMAGES

38.    As a result of Defendants' unlawful reporting of the Account, Plaintiff dealt with the stress and anxiety of feeling hopeless, believing that he would be denied

7

credit as a result of the erroneous and incorrect reporting of the Account, and that Plaintiff would either be denied credit or pay higher interest rates in the event he could obtain financing.

39.    Overall, Plaintiff suffered damage to his credit reputation as a result of Defendants' conduct.

40.    Plaintiff retained Swift Law PLLC for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

41.    The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

42.    As a result of Defendants' conduct, actions, and inactions, Plaintiff was deterred from making further credit applications as he believed she would not be able to obtain favorable credit terms as a result of Defendants' erroneous and continued reporting of the Account and did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse account.

43.    Additionally, as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite being discharged from the debt and all financial

responsibility regarding the Account, Plaintiff must simply endure Defendants' unlawful reporting of the Account.

**COUNT ONE**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)**
**(as to FIGURE)**

Plaintiff re-alleges paragraphs one (1) through forty-three (43) as if fully restated herein and further states as follows:

44.     FIGURE is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully and/or negligently publishing or furnishing inaccurate trade-line information within Plaintiff's credit reports, failing to fully and properly investigate/re-investigate Plaintiff's numerous disputes, failing to review all relevant information regarding the same and failing to request that Equifax delete the reporting of the Account on Plaintiff's credit reports and credit file after investigating/re-investigating Plaintiff's repeated disputes.

45.     Plaintiff no longer owed the debt to Figure as of September 5, 2024.

46.     As such, it is inaccurate and/or materially misleading to report the Account with a balance on Plaintiff's credit reports and in Plaintiff's credit files.

47.     FIGURE's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

48.     FIGURE's actions in violation of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and

9

entitles Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT TWO:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)**
**(as to Equifax)**

Plaintiff re-alleges paragraphs one (1) through forty-three (43) as if fully restated herein and further states as follows:

49.     Equifax is subject to, and violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

50.     Equifax willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the Account.

51.     Despite Plaintiff being discharged from the Account on September 5, 2024, Equifax failed to mark the account as "Included in Ch. 7 Bankruptcy".

52.     Overall, Equifax willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when investigating/re-investigating Plaintiff's disputes of the above-referenced inaccuracies contained in his Equifax credit reports and credit file.

53.     Equifax's violations of 15 United States Code Section 1681e(b),

constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

## COUNT THREE:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE
## SECTIONS 1681i(a)(1), i(a)(4), and i(a)(5)
## (as to Equifax)

Plaintiff re-alleges paragraphs one (1) through forty-three (43) as if fully restated herein and further states as follows:

54.    Equifax is subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(1),  1681i(a)(4), and 1681i(a)(5) by: (1) failing to conduct reasonable investigations/re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files; (2) failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant attachments; and (3) failing to update or delete any information that was the subject of Plaintiff's disputes found to be inaccurate or that could not be verified.

55.    Specifically, Equifax willfully and/or negligently refused to properly investigate/re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described herein.

56.    Equifax's violations of 15 United States Code, Sections 1681i(a)(1), 1681i(a)(2),  1681i(a)(4),  and  1681i(a)(5)  constitute  negligent  or  willful

noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

a. Judgment against Figure and Equifax for maximum statutory damages for violations of the FCRA;

b. Actual damages in an amount to be determined at trial;

c. Compensatory damages in an amount to be determined at trial;

d. Punitive damages in an amount to be determined at trial;

e. An award of attorney's fees and costs; and

f. Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT LAW PLLC**

/s/ *Jon P. Dubbeld*

Jon P. Dubbeld, Esq., FBN 105869
11300 4th Street N., Suite 260
St. Petersburg, FL 33716
Phone: (727) 755-3676
Fax: (727) 255-5332
jdubbeld@swift-law.com
jmurphy@swift-law.com
*Counsel for Plaintiff*

13